IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 09-cv-01353-WDM-MJW

ROBERT A. MAY,

      Plaintiff,

v.

KYLE HOWARD WEBB,
LORRAINE HIGGINS WEBB, and
WIGGINS II, LLC, a Colorado limited liability company,

      Defendants.

---

**ORDER ON MOTION FOR ENTRY OF JUDGMENT
AND AWARD OF ATTORNEYS' FEES AND COSTS**

---

Miller, J.

This case is before me on Plaintiff's Motion for Entry of Final Judgment and Award of Costs and Attorney Fees (ECF No. 61). Following my order (ECF No. 60) granting partial summary judgment in favor of Plaintiff and his relinquishment of his remaining claims, Plaintiff asserts that all matters are concluded and that final judgment should be entered. He also seeks attorneys' fees pursuant to a contractual attorneys' fees provision entitling the prevailing party in this litigation to fees and costs. Defendants do not oppose entry of final judgment but dispute Plaintiff's right to an award of fees. For the reasons that follow, Plaintiff's motion for entry of final judgment will be granted and his request for attorneys' fees will be granted in part and denied in part.

Background

For simplicity, I will repeat the "Background" section of my order on the motions for

summary judgment:

Plaintiff is the former owner of two commercial condominium units ("Units A and B") located in the Vail Spa Condominium complex (the "Spa") in Vail, Colorado.  In 2001 or 2002, while Plaintiff owned the units, a fire damaged a portion of the complex.  This occurred while a new fire sprinkler system was being installed.  From 2001 to 2003, the Vail Spa Condominium Association (the "Association") required Plaintiff and other unit owners to pay special assessments relating to the repair and upgrade work undertaken after the fire.  Plaintiff personally was required to pay a total of $130,000 in such special assessments.

Plaintiff sold Units A and B to Defendants Kyle Webb and Lorraine Webb in 2005.[1] As part of the agreement ultimately reached by the parties in their sale documents, the following provision was included:

> Any consideration received relating to, in connection with, or arising from the installation of the fire sprinkler system or fire damage, which installation or damage occurred on or before June 15th 2005, whether received from insurance coverage, from settlement, from suit or other legal proceedings, or by any other method, whether received before or after the Closing of this Contract, and whether initially received by Buyer or Seller shall be the property of and shall be paid to Seller.
>
> Buyer hereby agrees to pass on copies of all communications from the homeowner's association, attorneys, or other parties relating to the matter outlined above.

Ex. C to Plaintiff's Motion for Partial S.J. (ECF No. 36-4).

At the time of the fire, the Spa had a casualty insurance policy with State Farm;

---

[1]The units were thereafter transferred to Wiggins II, LLC; it appears that the individual Defendants are the members of Wiggins II.

however, the insurer refused to pay portions of the costs resulting from the fire and other required upgrades.  The Association and State Farm thereafter filed a lawsuit against the design engineering firm, the general contractor, and a subcontractor involved in installing the new sprinkler system.  The lawsuit was pending in July 2005 at the time the Defendants purchased the Units from Plaintiff.  In November 2005, a judgment in the lawsuit resulted in a verdict in favor of the Association and against the general contractor.  Judgment was entered against the Association as to the claims against the other parties.  The Association was awarded $108,214.67 as a result of the judgment; it is unclear how much was actually collected or diminished by collection litigation.  The Association thereafter initiated litigation against its insurance agent and against State Farm (the "Insurance Litigation").  The Insurance Litigation resulted in a settlement pursuant to which State Farm paid $2,729,330.50, net of attorneys' fees, to the Association.

The Association's Board of Directors decided to pay approximately one half of the net settlement proceeds from the Insurance Litigation to the unit owners according to the same percentage of interests used to compute their regular monthly assessments.  The remaining proceeds were kept in a reserve account and have been spent or are allocated for various purposes unrelated to the fire.

Wiggins II, LLC, as owner of Units A and B, received $36,823.00 as its share of the portion of the settlement proceeds of the Insurance Litigation.

Plaintiff filed suit against Defendants in June 2009.  The complaint contains the following claims for relief: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) request for an accounting; and (4) unjust enrichment.  ECF No. 1.  Defendants thereafter tendered a payment of $36,823.00 to Plaintiff.  Defendants, in their

3

Answer, denied that they owe Plaintiff anything or, alternatively, that they owe no more than what they have actually been paid by the Association.

Plaintiff contends that the litigation proceeds obtained by the Association and retained by the Association for the benefit of condominium unit owners either in a reserve fund or in the Association's general accounts are monies "constructively" received by Defendants and should be paid to Plaintiff pursuant to the agreement.  Plaintiff seeks an amount equivalent to 3.25% of the total proceeds received by the Association on the grounds that Units A and B represent 3.25% of the Spa complex.  Plaintiff has made a demand on the Association that such amounts be paid to the Defendants so that they can be paid to him pursuant to the agreement.  The Association has refused to do so.

### Discussion

In my order granting partial summary judgment, I concluded that the parties' agreement included the proceeds of the Insurance Litigation actually received by Defendants; as noted above, Defendants already paid Plaintiff $36,823.00 as well as accrued interest and so this obligation is fulfilled.  I was not able to determine as a matter of law that amounts retained by the Association to be applied for the benefit of the complex and the unit owners had been "received" by Defendants and therefore did not find that these amounts were owed to Plaintiff.  Plaintiff thereafter relinquished his claim to these funds.  This appears to have disposed of all of Plaintiff's claims and so I agree that final judgment may be entered.

Plaintiff seeks attorneys' fees pursuant to the sales agreement between the parties. The relevant provision states, "In the event of any arbitration or litigation relating to this contract, the arbitrator or court shall award the prevailing party all reasonable costs and

expenses, including attorney and legal fees." Contract to Buy and Sell Real Estate, Exh. A to Plaintiff's Mot. for Summ. J., ECF No. 36-1, ¶ 20(c).  Plaintiff seeks all attorneys' fees and costs incurred to date, claiming that he is the prevailing party with respect to the entire litigation.  Defendants disagree, arguing that they prevailed in part as well.  I agree with Defendants.

Plaintiff was clearly the prevailing party with respect to his claim that he was owed the proceeds of the Insurance Litigation actually disbursed to Defendants.  However, he prevailed on this claim at the time that they unconditionally surrendered these monies to him, on or around July 20, 2009.  Exh. 2 to Plaintiff's Response to Mot. for Entry of Final Judgment, ECF No. 62-1.  I have reviewed the letter enclosing the payment and it was offered with no reservation of rights; Plaintiff got no additional relief other than what he had already obtained at that point.  Accordingly, I will award Plaintiff attorneys' fees and costs incurred up to the time of receipt of this payment.  I note further that Defendants requested itemized statements from Plaintiff's attorneys, redacted of privileged information, to review the possibility of paying those fees but Plaintiff did provide the requested documentation and no progress was made on resolving this aspect of the dispute.

Plaintiff did not prevail with respect to his remaining claims, rather he relinquished them after failing to obtain summary judgment on that portion of the litigation.  Therefore, he is not entitled to an award of fees and costs for the entire litigation.

Accordingly, it is ordered:

1.      Plaintiff's Motion for Entry of Final Judgment and Award of Costs and Attorney Fees (ECF No. 61) is granted in part and denied in part.

2.      Final judgment shall enter in this matter pursuant to this order and my order

resolving the motions for summary judgment (ECF No. 60) and any other relevant entries in the case docket.  Judgment in favor of Plaintiff should be for $42,601.69, including $36,823.00 for the disbursement from the Association and $5,778.69 in interest.  These amounts have been paid in full.

3.      Plaintiff is entitled to an award of attorneys' fees and costs incurred up to the time of his receipt of Defendants' check for $36,823.00.  Plaintiff shall submit an affidavit and other materials in compliance with my Pretrial and Trial Procedures and the local rules of this Court.  His request for attorneys' fees and costs is otherwise denied.

DATED at Denver, Colorado, on December 14, 2010.

                                        BY THE COURT:

                                        s/ Walker D. Miller
                                        United States Senior District Judge