IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.  09-cv-01353-WDM

ROBERT A. MAY,

    Plaintiff,

v.

KYLE HOWARD WEBB, et al.,

    Defendants.

_____

**ORDER CONCERNING ATTORNEYS' FEES**
_____

This matter is before me on the Plaintiff's Motion for Determination of Attorney Fee Award (ECF No. 76) and Defendants' Motion for Award of Costs and Attorney Fees (ECF No. 71).  Each party opposes the other's motion.  Plaintiff's motion was pursuant to my Order on Motion for Entry of Judgment and Award of Attorneys' Fees and Costs (ECF No. 69), in which I ordered that Plaintiff was entitled to attorneys' fees and costs incurred up until the time of receipt of Defendants' check for $36,823.00.  *Id* at 6.  Plaintiff's motion now seeks to recover those fees.  Defendants' motion asserts that they too are "prevailing parties" pursuant to the parties' agreement and are entitled to recover fees and costs.

## Background

I incorporate and restate the "Background" sections of my previous orders (ECF Nos. 60 & 69).

Discussion

Plaintiff's motion for fees and costs seeks recovery for fees and expenses charged by Plaintiff's Texas counsel, Daryl B. Crown, in the amount of $9,940.00, and Colorado counsel, Bieging Shapiro & Burrus LLP, in the amount of $8,723.00.[1]  Plaintiff submits with his motion copies of billings of each and an affidavit of Steven E. Abelman, a practicing attorney in Denver with the law firm of Brownstein Hyatt Farber Schreck LLP opining that the hourly rate charged by Plaintiff's counsel and the hours billed were reasonable for the Denver metro area pursuant to the factors set out in Disciplinary Rule 1.5 of the Colorado Rules of Professional Conduct.

Defendants objected to the motion and argue each of the fifteen factors, which, Defendants point out, were not well covered by Plaintiff's motion.  In particular, Defendants argue that recovery should be limited to those expenses incurred from commencement of litigation and not before.  I disagree.  Certainly for the Colorado firm, reasonable expenses include the lawyers informing themselves in order to properly file a complaint.  Nothing suggests that any of the Colorado firm's charges are not part of "<u>all</u> reasonable costs and expenses" incurred by the prevailing party.  *See Bowman v. Blair*, 889 P.2d 1069, 1075 (Alaska 1995).  On the other hand, a review of the Crown bills do not enable me to conclude that the hours charged prior to the decision to commence litigation are properly charged as reasonable expenses.  From May of 2007 through May of 2008 there are indications that some of the charges may be related to the ultimate issue but others do not and some are even redacted.  It is not my role to

---

[1] Expenses are included in those amounts but there appears to be no dispute concerning those expenses.

review billings like a careful auditor in order to separate the wheat from the chaff.  As the Supreme Court recently noted, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, __ S. Ct.__, 2011 WL 2175211 at *8 (U.S. June 6, 2011).  Accordingly, Mr. Crown's charges from May 7, 2007 through May 15, 2008 will not be awarded.

Defendant also asserts that Texas counsel's hours were duplicative or unnecessary.  I tend to agree.  Once a competent Colorado firm had been selected there is no need to "over lawyer" a matter.  Mr. Crown never entered his appearance in this matter and, although he may well have provided reasonable service to his client, I do not deem his review functions to be necessary expenses for a fee recovery; these hours instead appear duplicative.  *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983).  However, contacting and informing Colorado counsel of the nature of the case and its factual background are appropriately chargeable.  Charges from Dec. 18, 2008 until March 6, 2009 are of that nature and the 16.6 hours at $200/hr (or $3,320.00 total) for that time period should be allowed.

Defendants also argue that Plaintiff was only partially successful in the claims made and that at least the "constructive trust" theory had little merit.  Although I recognize that plaintiffs tend to "over-plead" their cases, defendants also tend to "over defend" by routinely listing every possible defense.  Again, I decline to ferret out what may be the hours attributable to an inappropriate constructive trust theory or other claims.

In any case, Plaintiff prevailed on a "significant claim affording <u>some</u> of the relief sought," entitling him to prevailing party status.  *Tex. State Teachers Ass'n v. Garland*

3

*Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989) (emphasis added).  Accordingly, Plaintiff is entitled to recover the $8,723.00 charged by the Colorado firm for the relevant time period and $3,320.00 of the charges from the Texas lawyer or a total of  $12,043.00.

The same analysis determines Defendants' motion for award of costs and attorney's fees (ECF No. 71) as well.  Plaintiff prevailed on the central issue of the case and is entitled to recovery in accordance with the Supreme Court's reasoning in the *Tex. State Teachers Ass'n* case as well as the standards of the Colorado Supreme Court.  *See Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency,* 123 F.3d 1351, 1352 (10th Cir. 1997) (attorneys' fee issue in a diversity action is substantive and controlled by state law).  Under Colorado law, the issue of who is the prevailing party under a fee-shifting agreement is left to my discretion.  *Lawry v. Palm*, 192 P.3d 550, 570 (Colo. App. 2008).  Even assuming that Defendants are somehow prevailing parties, I maintain my prior determination that the Plaintiff was the prevailing party on the significant issue of this litigation.  Accordingly, Defendants' motion should be denied.

It is therefore ordered:

1. Defendants' Motion for Award of Costs and Attorneys' Fees (ECF No. 71) is denied.

2. Plaintiff's Motion for Determination of Attorney Fee Award (ECF No. 76) is granted in part and denied in part.  The motion is granted to the extent of $12,043.00 and otherwise denied.

3. Judgment shall enter in Plaintiff's favor against Defendants for attorneys' fees and costs in the amount of $12,043.00.

DATED at Denver, Colorado, on June 21, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge